Cox, J.
(dissenting).
I agree with the majority of the court on two propositions : First, that the office of the Trustees is still in existence, and held by the present Trustees. Second, that the claim to arbitrate for damages arising from fraud in the original contract upon which the lease was based, does not come within the meaning of the clause for arbitration in the lease. But I dis- . sent from it on two other particulars :
First — I am of the opinion that the claim of the lessees for compensation to said railway for damages suffered by losses incurred and expenditures made by it by reason of the failure of the Trustees of the Cincinnati Southern Railway and the City of Cincinnati to provide terminal facilities at Cincinnati necessary and proper for the transaction of the business of said railway company as lessee of said Cincinnati Southern Railway, is not a proper subject for arbitration upder the terms of the •lease.
By clause 11 of the lease it was covenanted between the parties hereto “ that the Trustees would to the extent of their trust fund, provided by law for that purpose, being the residue of the sum of three hundred thousand dollars as provided in the act of the General Assembly of the State of Ohio, passed April 9, 1880, provide lands in the city of Cincinnati for workshops, depots, and other terminal facilities and rights of way thereto. Provided, that said Trustees of the Cincinnati Southern Railway shall, as between the parties hereto, be sole judges *261 of the location and extent of such lands and rights and of the amount to be expended therefor.”
The lease does not provide, as is claimed in the notice of arbitration that these terminal facilities to be furnished by the-Trustees shall “ be necessary and proper for the transaction of the business of said railway company as lessee of said Cincinnati Southern Railroad.” It only provides that to the extent of their trust fund, to-wit, the residue of three hundred thous-* and dollars, they shall provide “ lands and other terminal facilities thereto.” The location, extent, and amount to be expended therefor by the trustees, is not made by the terms of the lease a subject of arbitration, but it is expressly provided that the trustees shall be the sole judges of the location, extent of such lands and rights, and of the amount to be expended there- - for.
Now, it is claimed by the Trustees, and is not disputed, as I. understand, that they have expended $290,000 in such terminal facilities at Cincinnati, leaving the sum of only $10,000-unexpended. They do not deny that they are to use that amount for that purpose. There is nothing, therefore, in regard to this to be arbitrated. And even if they disputed it,, or the amount expended, or the propriety or place of expendi- - ture or extent of it, arbitration is not the plan which the parties themselves have fixed to decide it. Of these the Trustees • are made the sole judges. And if by fraud or collusion, or by violation of their trust, this money-is not properly appropriated and used, the lessees are remitted to such other remedy at law or in equity as may be appropriate.
Being then, in my opinion, nothing whatever to arbitrate,, it would seem to me to be trifling with a great institution like the Southern Railroad to bring the force which is proposed to arbitrate this question. By the terms.of the arbitration,, neither of the five arbitrators shall be tax-payers nor residents-of the city of Cincinnati. The lessees have selected two, and called upon the Trustees to select two others. The two which the lessees have selected are men of distinguished char— *262 acter and ability — Ex-President Cleveland and Clarence Seward, of New York. And we understand that if this arbitration must go on, the Trustees would select in all probability two gentlemen of as high character, and the whole $10,000 swallowed in fees. As to what these arbitrators can decide when they come to act is well settled in our state in several ■adjudicated cases. One, the first Disney Superior Court Reporter, 380, where it- was held, and numerous authorities cited ■ on the same proposition, that the arbitrators can only hear such evidence as is proper to be heard in the trial of a case in a superior court.
Theo. Hortsman and J. J. Glidden, for the City.
E. A. Ferguson, for Trustees of the Cincinnati Southern Ry.
Edward Golston, for Lessee.
Second — Any claim barred by the statute of limitation can not be regarded if opposition be made by the party sought to be charged. See Russell on Arbitration, 207 ; 1 McLel. & Y. 160; Morse on Arbitration, 137; 2 California, 195.
If, as I contend, neither of these matters are subjects for arbitration, I think the Trustees should not be put to the great expense and trouble of going through a protracted hearing upon subjects which might probably be brought before the court afterward on exception to the award of the arbitrators, and be held as without any jurisdiction for them to determine. I am aware that there are many authorities of high character holding that arbitrators should not be enjoined from proceeding in an arbitration, but in my opinion this case is . analogous to those where parties are enjoined from vexatious suits and the multiplicity of suits, and an injunction should . issue.